UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>　　　　　　　　Plaintiff,<br><br>　- against -<br><br>JSN GLOBAL MEDIA, LLC,<br><br>　　　　　　　　Defendant. | Case No. 18-CV-01392 (LAP)<br><br>**ANSWER TO COMPLAINT** |

　　　　Defendant JSN Global Media, LLC ("JSN"), by its undersigned counsel, Cowan, DeBaets, Abrahams & Sheppard LLP, hereby answers the complaint of plaintiff Christopher Sadowski ("Sadowski") in this action, dated February 16, 2018 (the "Complaint"), as follows:

## NATURE OF THE ACTION

　　　　1.　　States that the allegations contained in Paragraph 1 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, denies the allegations contained in Paragraph 1, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the ownership of the claimed photograph and Sadowski's occupation and therefore denies same, and admits that this case is a civil action against JSN purporting to arise under the Copyright Act relating to a photograph of an individual named Christopher Sadowski.

## JURISDICTION AND VENUE

　　　　2.　　States that the allegations contained in Paragraph 2 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, admits that this Court has subject matter jurisdiction over federal copyright claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. States that the allegations contained in Paragraph 3 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, admits that JSN is a New York limited liability company that transacts business within New York and maintains a principal place of business in New York, and as such would be subject to personal jurisdiction in this Court.

4. States that the allegation contained in Paragraph 4 of the Complaint is a conclusion of law as to which no responsive pleading is necessary, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4, and therefore denies same, because Sadowski has not specified his theory of venue under 28 U.S.C. § 1391(b).  Nonetheless, to the extent that JSN is domiciled in this District and used the claimed photograph in this District, venue would be proper in this Court.

## PARTIES

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and therefore denies same.

6. To the extent that "all times material hereto" means January 2018 to the present, admits the allegations contained in Paragraph 6 of the Complaint.

## STATEMENT OF FACTS

7. States that the contents of Exhibit A to the Complaint speak for themselves, but admits that Exhibit A appears to be a copy of a photograph depicting the exterior of a Home Depot.  JSN denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint and therefore denies same.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and therefore denies same.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and therefore denies same.

10. Admits that on or about January 24, 2018, JSN published an article to its website located at the domain name <www.editoratlarge.com> titled *Will Building Stores be Spared From a Retail Apocalypse?* Denies the allegations contained in Paragraph 10 that the article "prominently" featured the Photograph at issue, but admits that the Photograph was originally published alongside the article. States that the contents of Exhibit B to the Complaint speak for themselves.

11. Plaintiff's Complaint proceeded from Paragraph 10 to Paragraph 12. Paragraph 11 is hereby included for continuity and is not intended to respond to any allegation.

12. Admits that the article was published without a license for the Photograph but notes that the Photograph was removed within less than a month of publication, on February 20, 2018.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST JSN)**
**(17 U.S.C. §§ 106, 501)**

13. JSN repeats and reincorporates by reference its responses to Paragraphs 1 through 12 herein.

14. States that the allegations contained in Paragraph 14 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, denies the allegations contained in Paragraph 14, except admits that the Photograph was displayed for a time at the URL referenced in Paragraph 10 of the Complaint.

15. States that the allegations contained in Paragraph 15 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, denies the allegations contained in Paragraph 15.

16. States that the allegations contained in Paragraph 16 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, denies the allegations contained in Paragraph 16, and denies that JSN's actions were willful.

17. States that the allegations contained in Paragraph 17 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, denies the allegations contained in Paragraph 17.

18. States that the allegations contained in Paragraph 18 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, denies the allegations contained in Paragraph 18.

19. States that the allegations contained in Paragraph 19 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, denies the allegations contained in Paragraph 19.

**PRAYER FOR RELIEF**

Sadowski's Prayer for Relief does not necessitate responsive pleading, but JSN denies that Sadowski is entitled to any of the relief sought therein.  JSN further specifically states that the claim for costs, expenses and attorney's fees pursuant to Section 1203 of the Copyright Act is impermissible where no violation of Sections 1201 or 1202 is alleged.

## AFFIRMATIVE DEFENSES

JSN asserts the following defenses without conceding that JSN bears the burden of persuasion or presentation of evidence as to any of the following defenses.  JSN reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

## FIRST DEFENSE

1. To the extent any copyright has been infringed, which JSN does not concede, JSN's actions were innocent and non-willful.

## SECOND DEFENSE

2. To the extent any copyright has been infringed, which JSN does not concede, Sadowski has suffered, at most, *de minimis* damages, namely, in the form of a lost license fee that would be roughly $300.

## THIRD DEFENSE

3. Sadowski has failed to plead any facts supporting his allegation that the Photograph was used willfully.  Therefore, enhanced damages are not available as a matter of law.

## FOURTH DEFENSE

5. To the extent Sadowski does not own any copyright rights in the Photograph, he lacks standing to bring this suit.

## FIFTH DEFENSE

6. To the extent Sadowski's copyright registration is invalid, he fails to state a claim upon which relief can be granted.

WHEREFORE, JSN respectfully requests that this Court enter judgment in its favor and against Sadowski, as follows:

1. Denying all relief sought by Sadowski in the Complaint;

2. Dismissing the Complaint in its entirety with prejudice;

3. Declaring that JSN has not infringed any copyright of Sadowski's;

4. Finding that Sadowski is not entitled to damages;

5. Awarding JSN its costs, including reasonable attorneys' fees in accordance with 17 U.S.C. § 505; and

6. Granting all such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 7, 2018

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

By: */s/ Eleanor M. Lackman*
Eleanor M. Lackman
41 Madison Avenue, 38th Floor
New York, New York 10010
Phone: (212) 974-7474
Fax: (212) 974-8474
Email: elackman@cdas.com

*Attorneys for Defendant*
*JSN Global Media, LLC*