

COWAN,
DEBAETS,
ABRAHAMS &
SHEPPARD LLP

41 MADISON AVENUE
NEW YORK, NY 10010
T: 212 974 7474
F: 212 974 8474
www.cdas.com

ELEANOR M. LACKMAN
212 974 7474 EXT 1958
ELACKMAN@CDAS.COM

AILEEN ATKINS
FREDERICK P. BIMBLER
SUSAN H. BODINE
LINDSAY W. BOWEN*
ANDREA F. CANNISTRACI
XAVIER J. CORREA
TIMOTHY J. DEBAETS
ROBERT J. EPSTEIN
CAROLE E. HANDLER●■
DOUGLAS P. JACOBS*
ELEANOR M. LACKMAN†
ELLIS B. LEVINE
JANIS C. NELSON ■
JOSHUA B. SESSLER
J. STEPHEN SHEPPARD♦
SCOTT J. SHOLDER*
KENNETH N. SWEZEY†
NANCY E. WOLFF●*†

ADAM BEASLEY
ALISON E. BENSIMON
BRIANNA DAHLBERG■
LINDSAY R. EDELSTEIN
DANIELLE A. EFROS
MIKAELA I. GROSS
BENJAMIN JAFFE
BRITTANY L. KAPLAN
MICHAEL K. LEVIN
MARISSA B. LEWIS*
JONATHAN H. PERITZ*
SIMON N. PULMAN*○

OF COUNSEL:
ROBERT I. FREEDMAN
JERROLD B. GOLD

SPECIAL COUNSEL:
ALEX GIGANTE

PHILIP M. COWAN
(1943-2001)
HOWARD ABRAHAMS
(1945-1996)

■ ADMITTED IN CA
† ALSO ADMITTED IN CA
♦ ALSO ADMITTED IN DC
○ ALSO ADMITTED IN GA
* ALSO ADMITTED IN NJ
● ALSO ADMITTED IN PA

BEVERLY HILLS OFFICE:
9595 WILSHIRE BLVD, SUITE 900
BEVERLY HILLS, CA 90212

June 28, 2018

**Via ECF**
The Honorable Loretta A. Preska
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007

Re:   *Sadowski v. JSN Global Media, Inc.*, No. 18-cv-01392 (LAP)

Dear Judge Preska:

On behalf of defendant JSN Global Media, Inc. ("JSN"), we submit this pre-motion letter pursuant to the Court's Individual Rule 2.A. in conjunction with JSN's request that the Court order plaintiff Christopher Sadowski ("Plaintiff"), and/or his law firm, to post a bond in order to proceed with the present action.

JSN believes that a bond is necessary in light of the fact that in the interest of a cost-efficient resolution and without admitting liability, JSN has offered an Offer of Judgment under Fed. R. Civ. 68 (the "Offer") in an amount substantial enough that Plaintiff is virtually guaranteed to recover less at trial than the amount stated in the Offer. Despite that fact, not only has Plaintiff not accepted the Offer, but he expressly rejected it before the time to accept had expired. As a result, given that fee-shifting is available under Section 505 of the Copyright Act, 17 U.S.C. § 505, there is a significant risk that at the conclusion of the case, Plaintiff will be required to pay JSN's attorney's fees consistent with Your Honor's ruling in *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 363 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007), in which the defendant, although found liable for some amount, was awarded fees and costs where the amount of the defendant's Rule 68 offer exceeded the amount that plaintiff ultimately recovered at trial.

Considering the cost of litigation and the fact that Plaintiff is an individual photographer, it is unlikely that Plaintiff will be able to afford to foot the bill. Indeed, our firm was involved with another matter in which the plaintiff (represented by the Liebowitz Law Firm) was found liable for attorney's fees and costs based on the frivolousness of the plaintiff's claims. *See Kanongataa v. Am. Broad. Cos.*, No. 16 Civ. 7382 (LAK), 2017 WL 2684067, at *2 (S.D.N.Y. June 21, 2017) (that "no reasonable lawyer with any familiarity with the law of copyright could have thought" that the client's case had merit). As yet, the plaintiff has not paid those fees or costs.

Under the circumstances that disproportionately surround cases brought by the Liebowitz firm, other Judges in this District have found that a bond is appropriate in such cases that the firm has filed. *See, e.g., Reynolds v. Hearst Commc'ns, Inc.*, No. 17CV6720 (DLC), 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018), *reconsideration denied*, No. 17CV6720 (DLC), 2018 WL 1602867 (S.D.N.Y. Mar. 29, 2018); *Pereira v. Kendall Jenner, Inc.*, No. 17 Civ. 6945 (RA) (S.D.N.Y. Sept. 12, 2017); *Tabak v. Idle Media, Inc.*, No. 17 Civ. 8285 (AT)



CDAS

COWAN,
DEBAETS,
ABRAHAMS &
SHEPPARD LLP

PAGE 2

(S.D.N.Y. Oct. 31, 2017); *Reynolds v. Intermarkets, Inc.*, No. 17 Civ. 8795 (AT) (S.D.N.Y. Nov. 14, 2017); *Cruz v. Am. Broad. Cos.*, No. 17 Civ. 8794 (LAK), 2017 WL 5665657 (S.D.N.Y. Nov. 17, 2017). Although the bases in those cases have involved a variety of different errors committed by the firm, the existence of the imprudently unaccepted Offer here encourages a similar approach by this Court.

JSN's relative confidence in the outcome that Plaintiff will not recover as much at trial as in the Offer is based on well-settled precedent from this District. The use at issue involves a photograph of the front of a Home Depot store, which JSN used on a website with a relatively low readership. Photographs of this nature for such uses carry an a-la-carte rate of roughly $150 to $250 through an agency (which takes a portion before remitting the fee to the photographer), and less in the context of a subscription. In this District, judgments in such infringement cases do not typically extend beyond three to five times the license fee for a work – even where willfulness is found. *See, e.g., FameFlynet, Inc. v. Shoshanna Collection, LLC*, 282 F. Supp. 3d 618, 627 (S.D.N.Y. 2017), *appeal withdrawn*, No. 18-633, 2018 WL 2740233 (2d Cir. Mar. 20, 2018) (quoting *Music, Inc. v. Prana Hospitality, Inc.*, 158 F. Supp. 3d, 184, 198 (S.D.N.Y. 2016) for the recognized practice of the Second Circuit, whereby courts "commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid"); *Realsongs, Universal Music Corp. v. 3A N. Park Ave. Rest Corp.*, 749 F. Supp. 2d 81, 87 (E.D.N.Y. 2010) (holding as reasonable statutory damages an award of three times the amount of license fees owed); *Barnaby Music Corp. v. Catoctin Broadcasting Corp.*, No. CIV-86-868, 1988 WL 84169, at *5 (awarding maximum damages of $11,250 where unpaid licensing fees amassed to $2,245). Pertinent here is that JSN's Offer exceeds five times the highest conceivable license fee for the use at issue in this case, even though the facts to-date show that if the use was unlicensed, it was negligent at best and not willful.

JSN further believes that it is quite likely that the Court would find that JSN has satisfied the elements that courts review in determining whether fees should be awarded. *See generally Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). Plaintiff never contacted JSN prior to filing suit, even though JSN has no track record of infringement and – as a content creator itself – believes that if a photographer did not give a *gratis* license for a photograph, he or she should be paid a fee. But, as is now ubiquitous with cases filed by the firm that represents the Plaintiff, JSN never had the chance to discuss the merits of the issue with the Plaintiff and, if discussions revealed there was no license or clear defense, offer a settlement amount to him that would compensate him in an amount that would also reflect his trouble for having to raise the claim.

The reason that Plaintiff did not seek to resolve the matter in advance is inherent to the business model of the Liebowitz Law Firm, which uses the existence of the court system to extract settlements that reflect not what is just for the plaintiff or the circumstances, but the the cost of hiring outside counsel to defend a claim. From this amount, the Liebowitz firm can then take an exceptionally high percentage of the recovery. Indeed, the *Fogerty* factors, including motivation and objective unreasonableness, can almost be determined at the outset of cases involving Mr. Liebowitz, who within only a few years' practice has filed many hundreds of "strike suits" for copyright infringement in the Eastern and Southern Districts of New York, and has been increasingly recognized for his reputation as a copyright "troll," *see McDermott v. Monday Monday, LLC*, No. 17 Civ. 9230 (DLC), 2018 WL 1033240, at *3 n.4[1] ("Richard Liebowitz . . . is a known copyright 'troll,' filing over 500 cases in this district alone in the past twenty-four months."), with a penchant to "irresponsibly litigate[]." *Reynolds v. Hearst Commc'ns, Inc.*, No. 17CV6720 (DLC),

---

[1] "In common parlance, copyright trolls are more focused on the business of litigation than on selling a product or service or licensing their copyrights to third parties to sell a product or service." *Creazioni Artistiche Musicali, S.r.l. v. Carlin America, Inc.*, 2017 WL 33938502017, at *4 (S.D.N.Y. Aug. 4, 2017) (citation omitted).


2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018), *reconsideration denied*, No. 17CV6720 (DLC), 2018 WL 1602867 (S.D.N.Y. Mar. 29, 2018).

In his few years as an admitted member to the Bar, Mr. Liebowitz has committed himself to hundreds of potentially expensive (and often frivolous) copyright infringement actions where low damages are at stake. *See McDermott*, 2018 WL 1033240 at *3 & n.4 (noting that the Liebowitz law firm "plays a numbers game in which it targets hundreds of defendants seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim."). He funds this enterprise by attempting to shift his legal fees to defendants to force a settlement many times higher than either actual or statutory damages—or indeed, justice—would otherwise bear. *See McDermott*, 2018 WL 1033240 at *3 & n.4. This unsound practice has not only garnered his firm its notorious reputation, but has placed *his own clients*, and not just defendants, at risk of unnecessary financial loss. *See, e.g.*, *Kanongataa*, 2017 WL 4776981, at *3 (S.D.N.Y. Oct. 4, 2017) (dismissing the case as frivolous and awarding approximately $120,000 in defendants' legal fees against Mr. Liebowitz's own client).

This type of behavior does not further the goals of copyright law or of compensation to an injured plaintiff: it seeks to overrun the courts' dockets with claims that could be easily settled directly by plaintiffs with valid claims, or which could be easily determined with a phone call or letter – prior to the purchase of an index number and hiring of outside counsel – to involve obvious fair use, *de minimis* use, statute of limitations, or licensed use defenses. Given the volume of suits and the fact that defendants typically settle for a cost-of-defense amount, the Liebowitz's firm's noted rate of failing to consider personal jurisdiction, copyright defenses, instances where it is easy to determine that the defendant has a license, or other obvious errors, still appears to be subsumed by the volume of settlements the Liebowitz firm receives from those who do not wish to pay their lawyers more than the cost to terminate the lawsuit.

Accordingly, JSN respectfully requests that the Court adopt a similar course of action in the present matter as other Judges in this District have, and require the posting of a bond. Exercising this discretion and requiring that Plaintiff and/or his counsel post security in the form of a bond in order to proceed will help ensure that if fees are awarded, JSN will have an opportunity to recover them. It will also safeguard against Mr. Liebowitz's known practices and encourage a more expeditious resolution of this case.

Under Local Civil Rule 54.2 the Court maintains the discretion to set a bond amount. S.D.N.Y. Local Civ. R. 54.2 ("The court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount . . . as it may designate."). We are at the Court's disposal should it require, for purposes of setting the bond amount, specific information regarding the expected cost.

We thank the Court for its consideration of this matter.

Respectfully submitted,

Eleanor M. Lackman

cc: All counsel of record