

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

July 2, 2018

Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street, Room 2220
New York, New York 10007

Re:   *Sadowski v. JSN Global Media, Inc.  (1:18-cv-01392 (LAP))*

Dear Judge Preska,

We represent Plaintiff, Christopher Sadowski ("Plaintiff") in the above referenced matter and hereby submit this letter in response to the June 28, 2018 pre-motion letter of Defendant.

Defendant is requesting the posting of a bond in a ***meritorious*** claim of clear copyright infringement. The prior cases Defendant cites with respect to clients of our firm being asked to place a bond involved matters where the merits of the infringement claim were called into question. Here, Defendant is asking the court to demand that Plaintiff, the victim of a clear infringement of his copyrighted work, be ordered to place a bond before seeking to enforce his rights. This position has no support in legal precedent and is on its face contrary to the notions of justice.

Courts in this Circuit generally consider the following factors in determining whether to require a party to file a bond pursuant to the rule: (1) the financial condition and ability to pay of the party who would post the bond; (2) whether that party is a non-resident or foreign corporation; (3) the merits of the underlying claims; (4) the extent and scope of discovery; (5) the legal costs expected to be incurred; and (6) compliance with past court orders.  *Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc*., No. 08 CIV. 01533, 2010 WL 3452375, at *2 (S.D.N.Y. Sept. 1, 2010). Only factors (1) and (2) above weighs in favor of Defendant. As well as being meritorious, this is a straight forward claim, and Plaintiff foresees minimal discovery burden and legal costs for either party. Further, Plaintiff is agreeable to early mediation or other ADR to assist in a fair and efficient resolution of this meritorious infringement claim.

Additionally, Defendant's entire theory for its expectation of an award of fees is based on its Rule 68 Offer of Judgment. Though Plaintiff recognizes Your Honor's 2007 decision in *Baker*, other court's in the Circuit, as well as the majority of court's in other Circuits have found that the Copyright Statute does not support fee-shifting to a non-prevailing party, following the Supreme Court precedent in *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). *Marek* is critical because it held that attorneys' fees are recoverable under Rule 68 only if they are "properly awardable" under the relevant substantive statute. *Marek*, 105 S.Ct. 3017. As a result, "where . . . costs and fees are properly awardable only to the prevailing party, a defendant who has not prevailed is not entitled to attorneys' fees when seeking to collect costs pursuant to Rule 68." *Boisson v. Banian Ltd.*, 221 F.R.D. 378, 381 (E.D.N.Y. 2004).



Liebowitz Law Firm, PLLC

Under 17 U.S.C § 505, the law provides that only the "prevailing party" is entitled to recover attorneys' fees.  17 U.S.C § 505.   The majority of courts hold that because the Copyright Act only permits a "prevailing party" to recover attorneys' fees as costs, a copyright plaintiff cannot be liable for a non-prevailing defendant's post-offer attorneys' fees under Rule 68.  *See, e.g.*, *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 667 F.3d 1022, 1048 (9th Cir. 2011) ("We agree with the district court that, because it found that attorney's fees were not "properly awardable" under § 505 in this case, fees could not be awarded under Rule 68"); *Harbor Motor Co., Inc. v. Arnell Chevrolet–Geo, Inc.*, 265 F.3d 638 (7th Cir. 2001) (under the Copyright Act, a non-prevailing defendant cannot recover attorneys' fees as part of a Rule 68 award); *Boisson*, 221 F.R.D. at 381 (same); *Bruce v. Weekly World News, Inc.*, 203 F.R.D. 51, 54–55 (D. Mass. 2001) (same).

In the minority view, in *Jordan*, the Eleventh Circuit held that a non-prevailing defendant could shift attorneys' fees to a copyright plaintiff under Rule 68.  *Id*. at 105.  But, the majority of courts have flatly rejected *Jordan* for failing to adhere to the Supreme Court's holding in *Marek*. *See, e.g.*, *Harbor Motor Co.*, 265 F.3d at 646 ("The court in *Jordan* . . . did not confront squarely the requirement in section 505 of the Copyright Act that a party seeking attorney's fees must be a prevailing party"); *Le v. University of Pennsylvania*, 2001 WL 849707 at *6 ("What the Eleventh Circuit neglected to discuss was the Copyright Act's allowance of an award of attorneys' fees as costs to a 'prevailing party.' 17 U.S.C. § 505"); *UMG Recordings, Inc.*, 667 F.3d 1022, fn. 23 ("In *Champion*, 342 F.3d at 1029–31, we reaffirmed *Trident's* application of *Marek* and explicitly rejected the Eleventh Circuit's approach in *Jordan"*); *Bruce*, 203 F.R.D. at 56; *Brandt v. Magnificent Quality Florals Corp*., No. 07-20129-CIV, 2011 WL 4625379, at *20 (S.D. Fla. Sept. 30, 2011) (collecting cases); *see also Util. Automation 2000 v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1246 n. 6 (11th Cir. 2002) (recognizing that *Jordan* has been subject to criticism in other circuits).

Lastly, Plaintiff has a good-faith grounds to reject the Rule 68 Offer as proffered by Defendant.   Defendant is attempting to force a purely mechanical approach to statutory damages based on an incomplete picture of actual damages, however statutory damages are not limited by such pre-set calculations. See  *Psihoyos v. John Wiley & Sons, Inc*., No. 11 CIV. 1416 JPO, 2012 WL 5506121, at *4 (S.D.N.Y. Nov. 7, 2012), aff'd, 748 F.3d 120, 127 (2d Cir. 2014).  In *Psihoyos,* the Second Circuit affirmed awards of $100,000 and $30,0000, respectively, for two separate photographs based on a jury's finding of willful infringement, finding that "[a]lthough revenue lost is one factor to consider, *we have not held that there must be a direct correlation between statutory damages and actual damages*. To suggest otherwise is to ignore the various other factors a court may consider and the purposes of statutory damages in the willful infringement context." *Psihoyos*, 748 F.3d at 127 (emphasis added).  See also *Agence France Presse v. Morel*, No. 10-CV-2730-AJN, 2014 WL 3963124, at *12 (S.D.N.Y. Aug. 13, 2014) ("it is not true that there must be 'some correlation' between actual and statutory damages"); *Yurman Design, Inc. v. PAJ, Inc*., 262 F.3d 101, 113 (2d Cir.2001) (upholding jury's statutory damages award that defendant argued bore "little relationship" to actual damages).

Further, "a statutory damages award under the Copyright Act is by definition an authorized civil penalty." *Capital Records, Inc. v. MP3tunes, LLC*, 48 F.Supp.3d 703, 732

Liebowitz Law Firm, PLLC

(S.D.N.Y. 2014). "[A]n award of statutory damages may serve purposes traditionally associated with legal relief, such as compensation and punishment." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352 (1998); see also *Lauratex Textile Corp. v. Allton Knitting Mills, Inc.*, 519 F.Supp. 730, 733 (S.D.N.Y.1981) (explaining that statutory damages may be used to "provide a deterrent for would-be infringers"); *Richard Feiner and Co., Inc. v. Passport Int'l Prods., Inc.,* No. 97 Civ. 9144(RO), 1998 WL 437157, at *2 n. 13 (S.D.N.Y. July 31, 1998) (statutory damages under the Copyright Act "serve[ ] two purposes - compensatory and punitive.").

The Court need not assess Plaintiff's loss of revenues or Defendant's profits to calculate a substantial statutory damages award, nor is Plaintiff bound to accept such basis for a statutory award at this early stage, with incomplete facts at its disposal. See *Entral Group Int'l LLC v. Honey Cafe on 5th, Inc.*, 2006 WL 3694584, at *6 (E.D.N.Y. Dec. 14, 2006) (awarding $150,000 for defendants' willful infringement although neither the plaintiff's losses nor the defendants' profits were established).   There is longstanding judicial precedent in this Circuit for awarding $30,000 in single work statutory damages cases where the infringer has defaulted, even without any proof of lost licensing fees.  [Pl. Exs. 28-35]; accord *Getaped.com, Inc. v. Cangemi*, 188 F.Supp.2d 398, 403 (S.D.N.Y. 2002) (awarding $30,000 for willful infringement of a single copyrighted work); see also *Lucerne Textiles, Inc. v. H.C.T. Textiles Co.*, No. 12-cv-5456 (KMW) (AJP), 2013 WL 174226, at *3 (S.D.N.Y. Jan. 17, 2013), report and recommendation adopted, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013) (finding request for $30,000 in statutory damages appropriate and consistent with awards in similar copyright cases involving default); *Tokar v. 8 Whispering Fields Assocs., Ltd.*, No. 08-cv-4573 (ADS), 2011 WL 7445062 at *2 (E.D.N.Y. Dec. 13, 2011); *Microsoft Corp. v. Computer Care Ctr., Inc.*, No. 06-CV-1429 SLT RLM, 2008 WL 4179653, at *11 (E.D.N.Y. Sept. 10, 2008) (awarding the "maximum allowable amount of unenhanced statutory damages" of $30,000 upon default to deter defendant and others from future infringement); *Peer Int'l Corp. v. Max Music & Entm't, Inc.*, No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *4 (S.D.N.Y. July 9, 2004) (recommending award of statutory damages in the amount of $30,000 on grounds that this "amount would more than compensate Plaintiffs for their actual losses, . . . would be high enough to deter Defendants and others from similar conduct in the future, and is consistent with statutory damages amounts awarded in similar cases."); *Granite Music Corp. v. Ctr. St. Smoke House, Inc.*, 786 F. Supp. 2d 716, 721 (W.D.N.Y. 2011) (awarding $30,000 for default in copyright infringement suit).

In short, Defendant is asking this court to force a working-class Plaintiff to put up a multi-thousand-dollar bond in order to advance its right to pursue a **meritorious** copyright infringement claim against a corporate infringer in the only venue the Statue permits, Federal District Court.

                                                   Respectfully Submitted,

                                                   /s/ Richard P. Liebowitz
                                                   Richard P. Liebowitz
                                                   Rl@liebowitzlawfirm.com
                                               *Attorney for Plaintiff Christopher Sadowski*

cc: All counsel of record