UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SADOWSKI,

        Plaintiff,

-v.-

JSN GLOBAL MEDIA, INC.,

        Defendants.
------------------------------------x

18-cv-1392 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    The Court construes the parties' recent letters (dkt. nos. 15, 16) as Defendant's motion for an order requiring Plaintiff and/or his law firm to post a bond in order to proceed with the present action and Plaintiff's opposition.

    The action alleges infringement of Plaintiff's copyright in a photograph of the front of a Home Depot store which JSN used on a website with relatively low readership. JSN's counsel estimates that the "a la carte" rate for use of such a photo through an agency is $150-250 and less in the context of subscription. Counsel also notes that in this district judgments in such infringement cases do not typically extend beyond three to five times the license fee for a work – even where willfulness is found. See, e.g., FameFlynet, Inc. v. Shoshanna Collection, LLC, 282 F. Supp. 3d 618, 627 (S.D.N.Y.2017), appeal withdrawn, No. 18-633, 2018 WL 2740233 (2d Cir. Mar. 20, 2018) (quoting Music, Inc. v. Prana Hospitality,

Inc., 158 F. Supp. 3d, 184, 198 (S.D.N.Y. 2016) for the recognized practice of the Second Circuit, whereby courts "commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid"); Realsongs, Universal Music Corp. v. 3A N. Park Ave. Rest Corp., 749 F. Supp. 2d 81, 87 (E.D.N.Y. 2010) (holding as reasonable statutory damages an award of three times the amount of license fees owed); Barnaby Music Corp. v. Catoctin Broadcasting Corp., No. Civ-86-868, 1988 WL 84169, at *5 (awarding maximum damages of $11,250 where unpaid licensing fees amassed to $2,245).

JSN argues that its Rule 68 offer exceeds five times the highest conceivable license fee for the use at issue in this case, because the facts to-date show that if the use was unlicensed, it was negligent at best and not willful. Plaintiff relies on a number of cases discussing statutory damages where the defendant defaulted and which are not particularly relevant here.

Based on JSN's representations, it appears unlikely that Plaintiff will recover more than the amount of the Rule 68 offer and, accordingly, will be responsible for certain costs from the date of the rejection of the offer forward. Costs relating to deposition transcript alone could run thousands of dollars. It also appears that from Plaintiff's counsel's characterization of

Plaintiff as "working class" that Plaintiff and his counsel would not be able to address multiple thousands of dollars of costs.

Accordingly, Plaintiff shall post a bond no later than July 31 in an amount not less than $10,000 in order to proceed with the action.

SO ORDERED.

Dated:   New York, New York
         July 12, 2018

                                    _____
                                    LORETTA A. PRESKA
                                    Senior United States District Judge