UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER SADOWSKI,

                        Plaintiff,

- against -

JSN GLOBLA MEDIA, INC.

                        Defendant.

Docket No. 18-cv-1392 (LAP)

ECF CASE

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OR REARGUMENT PURSUANT TO LOCAL RULE 6.3 AND RULE 60(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) of the Federal Rules of Civil Procedure, Plaintiff Christopher Sadowski ("Plaintiff" or "Sadowski"), via counsel, hereby submits this memorandum of law and accompanying Declarations of Richard Liebowitz and Christopher Sadowski in support of Plaintiff's Motion for Reconsideration or Reargument of the District Court's Order, dated July 12, 2018, which imposed upon Sadowski a requirement to post a $10,000 bond pursuant to S.D.N.Y. Local Rule 54.2. [Dkt. # 17, Order] (the "Order"). As an initial note, Plaintiff requests leave to enter the Declarations of Christopher Sadowski ("Sadowski Declr.") and Richard P. Liebowitz ("Liebowitz Declr.") and their accompanying exhibits into the record, given that the Order was entered upon pre-motion letters and Plaintiff did not have an opportunity to create a factual record.

The Court's imposition of a $10,000 bond requirement should be vacated or, in the alternative, reduced on grounds that: (1) the bond amount of $10,000 is excessive, and not based on the actual reasonably expected costs of such a simple litigation involving the unauthorized use of a single image. The likely costs of this litigation are likely below $2,000, an amount Plaintiff

1

would in fact be able to pay, and accordingly, the Court's order should be vacated under Rule 60(b)(1), or in the alternative, the bond amount should be substantially reduced to reflect the actual expected costs; and (2) Sadowski's claim is a meritorious copyright infringement claim, and in light of Sadowski's past licensing fees [Sadowski Declr. ¶¶ 10-11, Exs. A and B], the discretionary nature of Statutory Damages, and the award of costs and fees authorized by 17 U.S.C. § 505, the rejection and expectation of obtaining a recovery above and beyond the proffered Offer of Judgment was reasonable.

## BACKGROUND

Sadowski is a professional photojournalist. [Sadowski Declr., ¶ 3]. Defendant JSN Global Media, Inc. ("JSN') is a media corporation in the business of publishing editorial pieces, including photographs, for commercial exploitation.  It is undisputed that JSN owns and operates the website www.editoratlarge.com, which published the image that is the subject of this litigation without a license. [Dkt # 14, Answer, ¶ 10 and 12].

### The Photograph

Sadowski photographed Home Depot, and licensed the Photo, via its contracted day-rate (not an individual photo license fee), to the New York Post, which published the Photo with clear credit on May 16, 2017. [Sadowski Declr. ¶ 5].  The Photo was promptly and timely registered with the copyright office, and given registration no. VA 2-056-827, effective June 30, 2017. [Sadowski Declr. ¶ 6].

### JSN's Unauthorized Use of the Subject Photograph

 On or about January 24, 2018, well after the Photo was registered, and despite clear credit on the source image (The New York Post) the Photograph appeared on www.editoratlarge.com, at https://editoratlarge.com/articles/as-confidence-in-the-economy-returns-positives-signs-for-

the-home-market-appear (the "Infringing Article"). [Answer, Dkt. No. 14 ¶ 10]  JSN's use of the Subject Photograph credits Sadowski and indicates its source as the New York Post. [Complaint, Dkt. No. 1, Ex. B]. In summary, the facts clearly indicate that a copyrighted photograph, with clear ownership notice, was copied directly from a licensed source, and published without authorization by a sophisticated media company. Contrary to Defendant's assertions that its infringement was "negligent at best and not willful," the facts here point to a sophisticated media company's reckless disregard of the copyright holder's rights. [Order, Dkt. No. 17, p. 2].

**Sadowski's Motivation**

Sadowski, a New Jersey resident, filed this action in a good faith effort to vindicate his rights and secure his intellectual property against invasion by commercial publishers such as JSN who seek to exploit his work without paying the customary fee. [*Sadowski Declr.* ¶¶ 7-8] He is prepared to travel to New York to fully participate in deposition and trial, and to be subject to the rulings of this Court. [*Id.*, ¶ 12]

**The Expected Costs**

This is a relatively simple dispute, involving a single image and single article. The expected recoverable costs in such a litigation, for either party, is well below the $10,000 bond amount.  [Liebowitz Declr. ¶¶ 4-8 ]  Outside of small nominal costs, the primary expected costs in this litigation for Defendant are two (2) local depositions to be conducted here in New York City (the home and location Defendant, its counsel and its likely witness) consisting of Sadowski and the employee of JSN responsible for the Article. [*Id*. ¶¶ 5-6].  In comparable litigations of this type, similar depositions have cost about $854.00.  [*Id.* ¶ 7, Ex. A]   There should be minimal travel costs associated with these depositions.   The $854.00 deposition fee submitted herewith involved a full-day deposition of a photographer in a similar case, with a Defendant

represented by the same firm as the current case, and therefore provides a strong basis for the expected costs of a deposition in this case. [*Id.*]. Accordingly, the total costs for the Defendant for this litigation are expected to be around $2,000, which provides for two depositions, and an additional $300.00 in miscellaneous costs.

**Sadowski' Financial Status**

Though working-class, Sadowski is capable of covering the expected costs of this litigation. As noted above, the reasonable amount of costs in this action is around $2,000. Chris Sadowski is capable of covering such costs, and accordingly, there is no basis/need for the posting of a bond in the current matter. [Sadowski Declr. ¶ 13]

## LEGAL STANDARD

A party seeking reconsideration or reargument pursuant to Local Civil Rule 6.3 must demonstrate that the Court overlooked controlling decisions or factual matters "that might materially have influenced its earlier decision." *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (to prevail on a motion for reconsideration, the movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). In the alternative, the movant must "demonstrate the need to correct a clear error or prevent manifest injustice." *Sanofi-Synthelabo v. Apotex, Inc.,* 363 F. Supp. 2d 592, 594 (S.D.N.Y. 2005).

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides in relevant part that "the court may relieve a party . . . from a[n] . . . order . . . for the following reasons: (1) mistake . . ." Fed. R. Civ. P. 60(b)(1). "Rule 60(b)(1) motions premised upon 'mistake' are intended to provide relief to a party when the judge has made a substantive mistake of law or fact in the final judgment or order." *Lugo v. Artus*, No. 05-cv-1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008)

4

(citation and internal quotations omitted). "Thus, Rule 60(b)(1) motions can be used by a trial court to correct judicial errors." *Id., citing International Controls Corp, v. Vesco,* 556 F.2d 665, 670 (2d Cir. 1977) (stating that district court's mistake of "substantive legal nature" may be corrected under Rule 60(b)(1)); *see also Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 350 (9th Cir. 1999) ("[T]he words 'mistake' and 'inadvertence' . . . may include mistake and inadvertence by the judge.")

Relief under 60(b)(1) is also appropriate where a court may have overlooked certain parties' arguments or evidence in the record. *See, e.g., Rumsey v. New York State Dep't of Corr. Servs.,* 580 F.Supp. 1052 (N.D.N.Y.1984) (granting 60(b)(1) motion where court may have overlooked triable issues of fact). As more fully detailed below, Plaintiff's motion for reconsideration or reargument pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) satisfies the applicable standards.

**ARGUMENT**

**POINT I:** **BECAUSE THE CLAIM IS CLEARLY MERITORUOUS, THERE IS NO EXPECTATION OF AN ATTORNEY FEES AWARD FOR DEFENDANT, AND THE BASIS FOR THE BOND MUST BE RESTRICTED TO THE EXPECTED COSTS**

As noted in the facts above, the expected costs of this litigation do not exceed $2,000. Absent a reasonable basis for an expectation of Attorney's Fees as part of said costs, there is no justification for the demand of a bond in excess of $2,000.

In the Order, the Court did not find that Plaintiff's case lacked merit, and in fact, the Defendant's Answer admits using the Photograph without license [Answer, Dkt. No. 14, ¶ 12]. Accordingly, there is an expectation that Plaintiff will be the ultimate prevailing party in this matter with regard to its copyright infringement claim.

Attorney Fees under 17 U.S.C §505 are provided exclusively to a prevailing party. *Id* ("the court may also award a reasonable attorney's fee *to the prevailing party* as part of the costs" (emphasis added)). Accordingly, a prevailing plaintiff on a meritorious copyright infringement claim cannot be held liable for Defendant's attorney's fees due to failure to beat a prior Rule 68 Offer of Judgment.

The majority of courts hold that because the Copyright Act only permits a "prevailing party" to recover attorneys' fees as costs, a copyright plaintiff cannot be liable for a non-prevailing defendant's post-offer attorneys' fees under Rule 68. See, e.g., *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 667 F.3d 1022, 1048 (9th Cir. 2011) ("We agree with the district court that, because it found that attorney's fees were not "properly awardable" under § 505 in this case, fees could not be awarded under Rule 68"); *Harbor Motor Co., Inc. v. Arnell Chevrolet–Geo, Inc.*, 265 F.3d 638 (7th Cir. 2001) (under the Copyright Act, a non-prevailing defendant cannot recover attorneys' fees as part of a Rule 68 award); *Boisson v. Banian* Ltd., 221 F.R.D. 378, 381 (E.D.N.Y. 2004) (same); *Bruce v. Weekly World News, Inc.*, 203 F.R.D. 51, 54–55 (D. Mass. 2001) (same).

Though Plaintiff recognizes Your Honor's 2006 decision in *Baker*, that ruling is inapposite with respect to the current matter, since the Defendant in *Baker* was the prevailing party. Though there was language regarding fee-shifting under Rule 68, the award of fees was to a prevailing party, and was ultimately based on substantial bad-faith conduct, finding that "(1) this lawsuit was motivated by improper considerations, (2) the lawsuit was prosecuted in bad faith, (3) the factual and legal contentions advanced by the plaintiff were either frivolous or objectively unreasonable, and (4) there is a unique need in this case for both compensation and

deterrence." *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 357 (S.D.N.Y. 2006), aff'd, 249 F. App'x 845 (2d Cir. 2007).

Unlike *Baker*, when the Defendant is not a prevailing party the majority of courts have declined to shift attorney's fees as part of costs. Following the Supreme Court precedent in *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), courts in this Circuit and beyond have found that the Copyright Act does not support fee-shifting to a non-prevailing party. *Marek* is critical because it held that attorneys' fees are recoverable under Rule 68 only if they are "properly awardable" under the relevant substantive statute. *Marek*, 105 S.Ct. 3017. As a result, "where . . . costs and fees are properly awardable only to the prevailing party, a defendant who has not prevailed is not entitled to attorneys' fees when seeking to collect costs pursuant to Rule 68." *Boisson*, 221 F.R.D. at 381.

In the minority view adopted by *Jordan v. Time, Inc.,* 111 F.3d 102 (11th Cir.1997), the Eleventh Circuit held that a non-prevailing defendant could shift attorneys' fees to a copyright plaintiff under Rule 68. *Id*. at 105. But, the majority of courts have flatly rejected *Jordan* for failing to adhere to the Supreme Court's holding in *Marek*. See, e.g., *Harbor Motor Co*., 265 F.3d at 646 ("The court in *Jordan* . . . did not confront squarely the requirement in section 505 of the Copyright Act that a party seeking attorney's fees must be a prevailing party"); *Le v. University of Pennsylvania*, 2001 WL 849707 at *6 ("What the Eleventh Circuit neglected to discuss was the Copyright Act's allowance of an award of attorneys' fees as costs to a 'prevailing party.' 17 U.S.C. § 505"); *UMG Recordings, Inc*., 667 F.3d 1022, fn. 23 ("In *Champion*, 342 F.3d at 1029–31, we reaffirmed Trident's application of *Marek* and explicitly rejected the Eleventh Circuit's approach in *Jordan*"); B*ruce*, 203 F.R.D. at 56; *Brandt v. Magnificent Quality Florals Corp*., No. 07-20129-CIV, 2011 WL 4625379, at *20 (S.D. Fla.

Sept. 30, 2011) (collecting cases); see also *Util. Automation 2000 v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1246 n. 6 (11th Cir. 2002) (recognizing that Jordan has been subject to criticism in other circuits).

In short, the prevailing precedent in this Circuit and around the nation, based on the *Marek* Supreme Court decision, holds that a Rule 68 offer cannot shift fees to a non-prevailing party when the underlying statute only provides for fees to a "prevailing party," as is the case under 17 U.S.C § 505. Accordingly, any demand for a bond should <u>not</u> take into account fees and must be limited to the reasonably expected costs of this simple single-image infringement claim, and such costs are unlikely to exceed $2,000.

**POINT II:    BASED ON SADOWSKI'S ACTUAL LICENSE FEES, THE PROFFERED OFFERED OF JUDGMENT WAS REASONBLY REJECTED**

With regard to Plaintiff's copyright infringement claim, there is a reasonable expectation that Plaintiff will be the ultimate prevailing party in this matter.

In light of the clear photographer credit on the admitted source of the image (The New York Post), it is reasonable to expect that a sophisticated media company shall be found reckless in their unauthorized use of the image, warranting an award of Attorneys' Fees. "The Second Circuit has held that it is appropriate to award attorneys' fees where the infringement was willful." *Broad. Music, Inc. v. Prana Hosp., Inc.*, 158 F. Supp. 3d 184, 200 (S.D.N.Y. 2016) (Citing *Kepner–Tregoe, Inc. v. Vroom*, 186 F.3d 283, 289 (2d Cir.1999); *Beastie Boys v. Monster Energy Co.*, 112 F.Supp.3d 31, 43, 2015 WL 3823924, at *8 (S.D.N.Y.2015) ("Courts have awarded fees based on willfulness even where the infringement was reckless rather than knowing.") (collecting cases).

Defendant's assertion of a $300 maximum license fee is not based on the actual facts of this case, nor is the going rate that a stock photography agency would charge relevant. Agencies

8

notoriously offer lower rates, through their extremely high-volume marketing and distribution (for the same reasons that a store like Wal-Mart can offer lower prices).  However, the Photo here was not offered for license through an agency and, instead, would have been licensed through a one-time private negotiation between the photographer and Defendant. [Sadowski Declr. ¶¶ 9-10] Individual photographers demanding one-off license rates typically demand far higher license fees than they obtain through an agency [*Id*. ¶ 10].

Sadowski does not have individual licenses for the image in dispute, however, he has negotiated licenses well into the four and five figures for single image editorial use.  [Id. ¶¶ 10-11].  In a comparable image, Sadowski received $5,000 for a non-exclusive license for his photo of the Ed Sullivan Theater in Manhattan. [*Id*. Ex. A].  Even through photo agencies, such as Splash News, Sadowski's photographs have demanded licenses fees well into the four figures. [*Id*. Ex. B].

Importantly, courts and commentators agree that damages "should be broadly construed to favor victims of infringement." *On Davis v. The Gap, Inc*., 246 F.3d 152, 164 (2d Cir. 2001), as amended (May 15, 2001); See William F. Patry, *Copyright Law and Practice* 1167 (1994) ("Within reason, any ambiguities should be resolved in favor of the copyright owner."); 4 Nimmer § 14.02[A], at 14–12 ("[U]ncertainty will not preclude a recovery of actual damages if the uncertainty is as to amount, but not as to the fact that actual damages are attributable to the infringement."); *Fitzgerald Publ'g Co*., 807 F.2d at 1118 ("damages are not ... narrowly focused."); *Sygma Photo News, Inc. v. High Society Magazine*, 778 F.2d 89, 95 (2d Cir.1985) (stating that when courts are confronted with imprecision in calculating damages, they "should err on the side of guaranteeing the plaintiff a full recovery").  Though it may be premature to

establish that the current image will demand four figure licensing fees, it is equally premature to presume that the image would be limited to a $300 licensing fee.

## CONCLUSION

Based on the foregoing, the Court should GRANT Plaintiff's motion for reconsideration and vacate its Order [Dkt. #17], rescinding the bond requirement in its entirety or, in the alternative, reducing the Bond requirement to the reasonable amount of $2,000.

Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

**/s/ Richard P. Liebowitz**
Richard Liebowitz, Esq.
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
*Counsel for Plaintiff Christopher Sadowski*