

| | | |
|---|---|---|
| COWAN,  DEBAETS,  ABRAHAMS &  SHEPPARD LLP | 41 MADISON AVENUE  NEW YORK, NY 10010  T: 212 974 7474  F: 212 974 8474  www.cdas.com | ELEANOR M. LACKMAN  212 974 7474 EXT 1958  ELACKMAN@CDAS.COM |

July 30, 2018

**Via ECF**
The Honorable Loretta A. Preska
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007

**Re:**   *Sadowski v. JSN Global Media, Inc.*, **No. 18-cv-01392 (LAP)**

Dear Judge Preska:

On behalf of defendant JSN Global Media, Inc. ("JSN"), we submit this letter in opposition to plaintiff's letter of July 26, 2018, requesting to stay or toll the time to post the bond that the Court ordered on July 12, 2018 to be posted by tomorrow.

Putting aside the inadvisable nature of expending everyone's resources on an unfounded, misrepresented reconsideration motion when plaintiff could accept JSN's generous offer of judgment pertaining to a standard photograph of the front of a Home Depot store, there is such a low likelihood of success on any reconsideration motion[1] – and on this reconsideration motion in particular – that the request to stay or toll only could have been made for purposes of delay.[2] Particularly given that the time expended to prepare the motion is disproportionate to the likely recovery in this case, even under plaintiff's most optimistic theories, there is no other logical reason for filing the motion. Plaintiff should be required to face the consequences of his election to pursue this lawsuit – one filed without notice and seeking an untenable amount – without further delay.

We thank the Court for its consideration of this matter.

Respectfully submitted,

Eleanor M. Lackman

cc:   All counsel of record

---

[1] The Second Circuit has instructed that reconsideration of a court's previous order is an "extraordinary" remedy which may be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). *See Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008); *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) ("A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances.") (citation omitted). Motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), and "new arguments or claims which were not before the court on the original motion" should be stricken and disregarded. *Koehler v. Bank of Bermuda, Ltd.*, No. M 18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005).

[2] As JSN will explain, the deposition cost that we believe was cited in plaintiff's papers as $854 was actually over twice that much for a single deposition, and the facts here are highly analogous to those in the *Baker* case before Your Honor some time ago. *See Baker v. Urban Outfitters Inc.*, 431 F. Supp. 2d 351, 357, 363 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007).