UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER SADOWSKI,

              Plaintiff,

- against -

JSN GLOBAL MEDIA, LLC,

              Defendant.

Case No. 18-CV-01392 (LAP)

**DEFENDANT JSN GLOBAL MEDIA, LLC'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION AND REARGUMENT**

      Plaintiff Christopher Sadowski's ("Sadowski") Motion to Reconsider the Court's July 12, 2018 Order (Dkt. No. 17) bears no resemblance to a proper motion under the Federal or Local Rules pertaining to motions to reconsider. Sadowski fails to recognize that "exceptional circumstances" are required to prevail on a motion for reconsideration. He identifies no facts or controlling law that the Court overlooked, proffering instead new facts about everything from deposition costs to what Sadowski claims he gets for photography licenses, along with a host of extra-District cases and a tortured narrative on one of this Court's decisions – a decision on which the Court did not even rely. At times, the Motion appears to be a request for an advisory opinion; at other times, the Motion bears resemblance to an appeal. Never does it comply with the letter or object of the rules on reconsideration.

      Most surprisingly, on the topic set out in the Order – which says simply that Sadowski should post a bond to cover the costs in the case – Sadowski seems to concede that there was no error in requiring him to post a bond of some amount. The thrust of the argument is that the amount of the bond is beyond what he can easily afford, and therefore it should be something

commensurate with what he believes defendant JSN Global Media, LLC's ("JSN") costs will be. This approach, devoid of compliance with the Rules and based on conjecture about how the case will proceed through trial, is not the proper vehicle for a motion for reconsideration. Sadowski's motion should be denied accordingly.

## ARGUMENT

### I.   STANDARD FOR MOTION FOR RECONSIDERATION

The Second Circuit has instructed that reconsideration of a court's previous order is an "extraordinary" remedy which may be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). *See Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008); *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) ("A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances.") (citation omitted); *Lucio v. N.Y.C. Dep't of Educ. & Marie Douyon,* No. 12 Civ. 247 (DAB), 2013 WL 12084546, at *3 (S.D.N.Y. May 16, 2013) ("Because final judgments should not be lightly reopened and because Rule 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances.") (citation omitted), *aff'd sub nom. Lucio v. N.Y.C. Dep't of Educ.*, 575 F. App'x 3 (2d Cir. 2014).

"The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). *Accord Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (A motion for reconsideration "is appropriate only where the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were put before it on the underlying

motion . . . and which, had they been considered, might have reasonably altered the result before the court."). Local Rule 6.3 further expressly requires that the movant "set[ ] forth concisely the matters or controlling decisions which counsel believes the court has overlooked."

Motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided," *Shrader*, 70 F.3d at 257, and "new arguments or claims which were not before the court on the original motion" should be stricken and disregarded. *Koehler v. Bank of Bermuda, Ltd.*, No. M 18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005). *Accord Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) ("It is settled law in this District that a motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced.") (collecting cases); *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (noting the "well-settled" rule that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'") (citation omitted); *Jain v. Sec. Indus. & Fin. Markets Ass'n*, No. 08 Civ. 6463 (DAB), 2009 WL 4059171, at *1 (S.D.N.Y. Nov. 18, 2009) ("[A] motion for reconsideration is not one in which a party may reargue those issues already considered when a party does not like the way the original motion was resolved.") (citation and internal quotation marks omitted).

## II. SADOWSKI'S MOTION FOR RECONSIDERATION SHOULD BE DENIED

Sadowski fails to meet the exacting standard for reconsideration. He is required to show that the Court committed some error that was based on overlooking material facts or law – not use Rule 60(b) for raising new facts, rearguing old points, or raising new and legally irrelevant arguments. He has not made any such showing, factually or legally.

## A. The Court Did Not Overlook Controlling Factual Matters

Sadowski does not cite any factual matters cited previously that the Court overlooked. Instead, he claims that because the issue was previously raised in letter motions, he did not have the opportunity to put forth facts to support his prior opposition. Not so. Sadowski had every opportunity to at least preview the points he makes on his Motion to Reconsider, and if he required more time or preferred to brief the issue, he could have made such a request.

In any event, the "overlooked" facts he raises do not affect the outcome. First, Sadowski proposes (at 5) that because a copy of a deposition transcript in a case cost $854.00, and there will be two depositions at most, the costs in the case will not exceed $2000. While it is unclear whether this theory is grounded in disingenuousness, a desire to prejudge the scope of the case, or a lack of understanding of everything from the flexibility of the rules of discovery to basic principles underlying billing for depositions, Sadowski's argument suffers fatal flaws. As a threshold matter, a plaintiff is not entitled to instruct a defendant how to litigate a case; there is no reason to believe that JSN might not find it prudent to send out subpoenas *duces tecum* and/or *ad testificandum* for any number of the licensees – including those that Sadowski discloses in his papers as setting a benchmark for the proper measure of damages in this case. Any number of these licensees or licensing entities may be called in for deposition, not to mention the possibility of expert witnesses and other cost-bearing aspects that may be properly recoverable under Fed. R. Civ. P. 54.

Moreover, Sadowski is wrong that the deposition costs will be as low as he claims. *See* Liebowitz Decl. at ¶ 8 ("The total costs for the Defendant for deposition is [*sic*] this litigation are expected to be around $1700.00, which provides for two depositions."). But the citation to the bill that he puts forth is for a copy of a transcript from a deposition that the defendant in that case

4

noticed. *Id*. at ¶ 7.  The defendant's bill, on the other hand, reflects the extra costs of the original transcript and other costs that the noticing party incurs – resulting in a total over twice as much as the cost to the non-noticing party.  *See* Declaration of Eleanor M. Lackman, dated August 10, 2018 ("Lackman Decl."), at ¶ 2 & Ex. A.  While Sadowski's counsel never took any depositions in the referenced case, *id.*, it is unclear why he offers no comparable bills, unless Sadowski's counsel has never taken any depositions in the over 800 lawsuits that it has filed in this District in the past two or three years.[1]

Sadowski's second factual argument, that he may recover more at trial than what JSN offered in its Rule 68 offer, falls wide of the mark.  To be sure, it recognizes the legally sound calculation for the amount contained in the offer but proposes to offer the damages case via what Sadowski disingenuously describes in his declaration as "exemplary" licenses.  Of the five cherry-picked examples Sadowski attaches to his declaration as evidence of directly licensed images, four relate to photographs depicting the arrests or court appearances of well-known, public figures, and one relates to a popular late-night talk show host's famed sign being removed from its marquee.  Three of the four involve exclusive use of the photograph licensed therein, and one of the invoices, for $15,500, involves the licensing of three photographs for broadcast and unlimited online license.  The two agency-licensed invoices Sadowski offers cover

---

[1] It is certainly true that to date, Sadowski's counsel has never taken any of these hundreds of cases to trial, and therefore his statement (Liebowitz Decl. at ¶ 4), "[b]ased on my Firm's experience with numerous comparable suits, the expected recoverable costs in such a litigation, for either party, are . . . closer to $2,000.00," cannot be taken with any measure of credibility.  Indeed, taking cases through discovery is not consistent with the Firm's business model.  *See McDermott v. Monday Monday,* LLC, No. 17 Civ. 9230 (DLC), 2018 WL 1033240, at *3 n. 4 (S.D.N.Y. Feb. 22, 2018) (Mr. Liebowitz's firm "plays a numbers game in which it targets hundreds of defendants seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim.") (cleaned up); *Kanongataa,* 2017 WL 2684067, at *2 (noting "[t]here may well be justification for defendants' implication that these were strike suits, designed to extort settlements from defendants on the basis that the defense costs would exceed what plaintiff would accept in settlement").

5

newspaper and magazine use (as contrasted to online media use), one of which is exclusive, and the other of which appears to be of a celebrity. *See Barcroft Media, Ltd. v. Coed Media Group, LLC*, 297 F. Supp. 3d 339, 357 (S.D.N.Y. 2017) (recognizing that certain mediums – such as print publication and television – typically command higher licensing fees than smaller websites, and opining that the amount of actual damages paid by a particular defendant should be based on the actual price paid by a licensee of a similar size and comparable medium). Yet despite being a working photographer with presumably significant agency work, the best licenses he musters clock in at under $1000 each.

In contrast to the examples Sadowski provides, the photograph at issue in the case is:



The photograph shows nothing suggestive, active, or particularly interesting. It does not capture a special or specific moment or event. To put it bluntly, the concept that anyone would have paid Sadowski between $15,500 and $25,000 to take a snapshot of the front of a Home Depot store fails to pass a straight-face test. Tellingly, in asserting that he took the photograph at issue for use by the New York *Post* as part of many photographs taken while paid a "day rate,"

Sadowski does not allege that the *Post* pays him $15,500 to $25,000 per day (or per-photograph). Sadowski Decl. at ¶ 5.[2] Nor does he challenge the cases that JSN previously cited, which show that courts find that reasonable license fees for standard photographs such as this to be significantly less than Sadowski claims. *See Barcroft Media*, 297 F. Supp. 3d at 360-61 (finding an "appropriate and nonspeculative actual damages amount" for the online use of certain celebrity photographs to be as low as $150.00, and for the online use of a photograph of a non-celebrity to be $78.65).

Further, two nearly identical photographs are available for editorial license via a leading agency for $244. *See* Lackman Decl., ¶ 3 & Ex. B. This not only refutes Sadowski's unfounded theory that JSN used the photograph without a license for the purpose of avoiding paying such a paltry amount, it shows that the amount of damages correlated to a multiple of a reasonable license fee will be, at best, under $1000. Given the facts in this case, Sadowski should not expect to recover more. *See Reilly v. Commerce*, No. 15-CV-05118 (PAE) (BCM), 2016 WL 6837895, at *9 (S.D.N.Y. Oct. 31, 2016) (noting the statutory award must bear "some relation to actual damages suffered"). Consistent with the foregoing, the low range of likely damages present here shows that Court did not commit any error meriting reconsideration of the Order.[3]

### B. The Court Did Not Overlook Controlling Law

Given that Sadowski does not dispute that the issuance of the bond violates any type of law, his argument that the Court overlooked controlling law is puzzling. In a roundabout way of

---

[2] The caption JSN used includes the indicator "courtesy New York Post/Christopher Sadowski." While Sadowski claims that the *Post* did not have authority to grant permission to JSN at a reasonable license rate, such a claim raises an issue of fact that the Court cannot presume simply because Sadowski asserts, without citation, that it is so.

[3] Sadowski claims that the facts point to a disregard of a copyright owner's rights, yet the Complaint contains no facts regarding willfulness – only conclusory statements. He does not deny that he did not reach out to seek a license prior to suit, or that JSN failed to remove the photograph promptly upon receipt of its first notice of any allegation that the use was unauthorized.

attacking this Court's ruling in *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351 (S.D.N.Y. 2006) (Preska, J.), he chooses to focus on the standard for fee-shifting under 17 U.S.C. § 505. This is unavailing. The Court's Order focused on likely *costs*; with the amount at stake so low, there was no need to add fees into the mix. Furthermore, there is no reason to believe that Sadowski will recover fees, particularly when he has turned down an offer to receive a strong settlement payment (albeit lower than what he wants) in a "relatively simple dispute" in favor of litigation encompassing frivolous motions like the one before the Court.

Sadowski's confused argument appears to seek an advisory opinion on whether a party who is held liable, but for less than the amount set forth in the Rule 68 offer of judgment, may be considered a "prevailing party" under Section 505 of the Copyright Act. In essence, Sadowski is using his motion to seek a ruling on whether he will not be on the hook to pay JSN its attorney's fees even if Sadowski recovers something. The approach is yet another tell as to the seriousness of JSN's offer, but pertinent to Sadowski's motion, the request is extremely premature and can be considered only on a full record. Moreover, Sadowski's attempt to dispute the only Southern District of New York decision on this topic falls flat in multiple ways. The *Baker* ruling is not "inapposite with respect to the current matter" on the grounds stated or otherwise. In *Baker*, contrary to what Sadowski says (at 6), the plaintiff photographer did show entitlement to an amount of damages, but those damages were less than the defendant's Rule 68 offer of judgment. *Baker*, 431 F. Supp. 2d at 356. Citing other authorities, including the leading treatise on copyright law, this Court found that a plaintiff who recovers less than the defendant's formal offer of judgment is to pay the properly awardable amount of fees incurred after that offer. *Id.* at 361.

Sadowski's so-called "majority of courts" also do not show that this Court's ruling – again, the only on-point ruling on this topic in the Southern District of New York – is erroneous. First, the Supreme Court case cited, *Marek v. Chesny*, 473 U.S. 1, 9 (1985), is not a case involving fees under the Copyright Act. *But see Lucas v. Wild Dunes Real Estate, Inc.*, 197 F.R.D. 172, 175-76 (D.S.C. 2000) (citing *Marek* and concluding that § 505 fees are properly awardable as part of costs where plaintiff recovers less than Rule 68 offer of judgment); *see also Jordan v. Time, Inc.*, 111 F.3d 102 (11th Cir. 1997) (same). Second, many of Sadowski's citations are to rulings where the prevailing party was not entitled to fee-shifting due to the complexity of the issues in the case or other factors apart from the Rule 68 issue. Third, it is not true that "the prevailing precedent in this Circuit" (Pl. Br. at 8) holds that fees cannot be awarded in this circumstance: apart from *Baker*, none of the cited cases comes out of the Second Circuit or this District. In other words, none of the authority is "controlling," much less persuasive. Accordingly, for yet this additional reason, Sadowski's attempt to seek reconsideration fails to meet the requirements of Rule 60(b).

## **CONCLUSION**

For the reasons set forth herein, Sadowski's Motion for Reconsideration should be denied.

Respectfully submitted,

Dated: New York, New York  
August 10, 2018

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

By: /s/ Eleanor M. Lackman
    Eleanor M. Lackman
    41 Madison Avenue, 38th Floor
    New York, New York 10010
    Tel.: (212) 974-7474
    Fax: (212) 974-8474
    elackman@cdas.com

*Attorneys for Defendant JSN Global Media, LLC*