UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>                    Plaintiff,<br><br>   - against -<br><br>JSN GLOBLA MEDIA, INC.<br><br>                    Defendant. | Docket No. 18-cv-1392 (LAP)<br><br>ECF CASE |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OR REARGUMENT PURSUANT TO LOCAL RULE 6.3 AND RULE 60(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) of the Federal Rules of Civil Procedure, Plaintiff Christopher Sadowski ("Plaintiff" or "Sadowski"), via counsel, hereby submits this reply memorandum of law in further support of Plaintiff's Motion for Reconsideration or Reargument of the District Court's Order, dated July 12, 2018, which imposed upon Sadowski a requirement to post a $10,000 bond pursuant to S.D.N.Y. Local Rule 54.2. [Dkt. # 17, Order] (the "Order").

Despite the multitude of rhetorical flourishes, *ad hominem* attacks and righteous indignation, Defendant's Memorandum of Law in Opposition ("Opp. Memo") fails in several respects. First, it neglects to acknowledge contrary legal authority that the opening brief relies upon in requesting the Court to reconsider its Order. Second, it mischaracterizes facts that the Court may not have considered in rendering its decision. Finally, it resorts to disingenuous grand-standing where simple argument would have sufficed.

Against this background, Sadowski sums up why he is entitled to a reconsideration of the Order by the Court.

1

I.       **COURT MAY HAVE OVERLOOKED CONTRARY LEGAL AUTHORITY**

In evaluating whether the Rule 68 Offer of Judgment was reasonably rejected, the Order relies upon a practice taken up by some courts in this District to award three to five times the license fee in order to estimate the possible statutory damages in this case. This practice, although somewhat common, is not legally binding. In its pre-motion letter opposing the imposition of the bond, Sadowski relied upon a Second Circuit decision that disallowed an imposition of a formula to the calculation of statutory damages. *See Psihoyos v. John Wiley & Sons, Inc.*, No. 11 CIV. 1416 JPO, 2012 WL 5506121, at *4 (S.D.N.Y. Nov. 7, 2012), *aff'd*, 748 F.3d 120, 127 (2d Cir. 2014). In *Psihoyos*, the Second Circuit affirmed statuotry awards far exceeding any multiple of a license fee, finding that "[a]lthough revenue lost is one factor to consider, we have not held that there must be a direct correlation between statutory damages and actual damages. To suggest otherwise is to ignore the various other factors a court may consider and the purposes of statutory damages in the willful infringement context." *Psihoyos*, 748 F.3d at 127 (emphasis added). That case, unlike others that the Order dismissed as not particularly relevant because they were defaults, has precedential authority. Similarly, none of the caselaw the Order and the Defendant relies upon in substantiating the three to five times multiple are binding upon the Court. Therefore, it is incumbent upon this Court to reconsider whether Second Circuit precedent on calculating statutory damages has been overlooked.

Moreover, the Order makes inferences and draws conclusions in the favor of Defendant. In calculating damages, the Order seems to adopt Defendant's speculation. The Second Circuit has ruled that an award of damages in a copyright infringement case "should be broadly construed to favor victims of infringement." *On Davis v. The Gap, Inc.*, 246 F.3d 152, 164 (2d Cir. 2001), as amended (May 15, 2001) (citing, inter alia, William F. Patry, Copyright Law and

Practice 1167 [1994] ("Within reason, any ambiguities should be resolved in favor of the copyright owner.")), Polaris respectfully asks the Court to reconsider making inferences and drawing conclusions in the Plaintiff's favor.

## II.     COURT MAY HAVE OVERLOOKED FACTUAL MATTERS

In its evaluation of the possible recovery of damages, the Court relies upon Defendant's low-ball estimate of $150-$250 for the licensing of a similar photo through an agency. Crucially, this estimate fails to acknowledge that this particular photo was never offered through an agency. Defendant would have to license the image via a separate, private, at-arms-length transaction with Sadowski. Such individual licenses typically entail significantly higher numbers than the discounts provided by agencies, and subscription plans. This fact renders Defendant's self-serving estimate that its Offer of Judgment exceeded five times the highest conceivable license fee – meaningless. Defendant used the wrong base licensing fee to come up with its Offer of Judgement. The Order, in accepting the Defendant's self-aggrandizing assessment of generosity, has neglected to take into account what the actual lost licensing fee would have been for a photo that was never available through an agency, and therefore would likely have been much higher.

Additionally, Defendant asserts in a conclusory manner, and the Order adopts at face-value, the notion that the infringement was at best negligent and not willful. The Court should consider that Defendant is a sophisticated media company, admittedly in the business of creating and consuming content. In evaluating willfulness, courts look to several factors, including "whether the infringer was on notice that the copyrighted work was protected; whether the infringer had received warnings of the infringements; [and] whether the infringer had experience with previous copyright ownership, prior lawsuits regarding similar practices, or work in an

industry where copyright is prevalent." *Agence France Presse v. Morel II*, 934 F. Supp. 2d 547, 570 (quoting *Marshall v. Marshall*, No. 08-cv-1420 (LB), 2012 WL 1079550, at *25 (E.D.N.Y. Mar. 30 2012)) (internal quotation marks omitted). The photo in question was licensed to a major publication, the New York Post, and published with prominent credit attribution which should have alerted even an amateur publisher as to the copyright ownership. This is a paradigmatic willful infringement.

Finally, Defendant speculates and the Order accepts the exaggerated potential costs of this action after the date of the rejection of the offer. Even Defendant's bill for a noticing party deposition still comes in under $2,000. *See* Dkt. 29-1, Declaration of Eleanor M. Lackman, dated August 10, 2018 ("Lackman Decl."), at ¶ 2 & Ex. A. It is unlikely that the costs of this straight-forward copyright infringement will approach anywhere near $10,000. The Order summarily concludes that the costs will be in the many thousands without any factual support.

## CONCLUSION

Based on the foregoing, the Court should GRANT Plaintiff's motion for reconsideration and vacate its Order [Dkt. #17], rescinding the bond requirement in its entirety or, in the alternative, reducing the Bond requirement to the reasonable amount of $2,000.

Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

/s/ Richard P. Liebowitz
Richard Liebowitz, Esq.
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580

*Counsel for Plaintiff Christopher Sadowski*