```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
CHRISTOPHER SADOWSKI,                :    18-cv-1392 (LAP)
                                     :
               Plaintiff,            :
                                     :    Order
          -v.-                       :
                                     :
JSN GLOBAL MEDIA, INC.,              :
                                     :
               Defendant.            :
------------------------------------x
```

LORETTA A. PRESKA, Senior United States District Judge:

Plaintiff Christopher Sadowski moves under Federal Rule of Civil Procedure 60(b)(1) and Local Civil Rule 6.3 for reconsideration of the Court's July 12, 2018 Order, [dkt. no. 17], requiring him to post a bond of not less than $10,000. He argues that the bond requirement should be vacated or its amount reduced. (Memorandum of Law in Support of Plaintiff's Motion for Reconsideration or Reargument ("Pl. Br."), dated July 26, 2018 [dkt. 19].) For the following reasons, the Plaintiff's motion is DENIED. In any event, even if the motion for reconsideration were granted, the Court adheres to its prior decision.

I.  Background

Plaintiff is a photojournalist and Defendant is a media corporation. The action alleges infringement of Plaintiff's copyright in a photograph of the front of a Home Depot store which JSN used on a website with relatively low readership.

1

(Order, dated July 12, 2018 [dkt. no. 17], 1.)

Defendant has made an offer to settle and has told this Court that its Rule 68 offer "exceeds five times the highest conceivable license fee for the use at issue in this case." (Id. at 2.)

II. Legal Standard

Local Civil Rule 54.2 provides that this Court "may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate." S.D.N.Y. CIV. R. 54.2.

Federal Rule 60 governs motions for the reconsideration of such an order. FED. R. CIV. P. 60. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusions reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Parties may not "treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." Polsby v. St. Martin's Press, Inc., 97 Civ. 690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000).

III. Discussion

Plaintiff advances a number of both legal and factual arguments.

First, he argues that because his claim is meritorious, there is no expectation of an attorney fees award and the basis of the bond should be restricted to costs. (Pl. Br. at 5.) Second, he argues that Defendants' Rule 68 offer was reasonably rejected. (Id. at 8.)

On both the factual and legal arguments, Plaintiff does not meet the high bar set on motions for reconsideration.

Plaintiff's central legal argument is that a plaintiff in a Copyright Act action cannot be liable for a non-prevailing defendant's post-offer attorneys' fees under Rule 68. (Id. at 6.) Because in this case "there is an expectation that Plaintiff will be the ultimate prevailing party" Plaintiff argues he cannot be liable for fees. (Id. at 5.)

This argument runs up against Baker v. Urban Outfitters, Inc., 431 F. Supp. 2d 351, 361 (S.D.N.Y. 2006), aff'd, 249 F. App'x 845 (2d Cir. 2007), and so Plaintiff must distinguish. In Baker, this Court held that when a plaintiff in a copyright action recovers less than the defendant's formal offer, Rule 68 requires an award to the defendant for fees after the offer. Id. at 361.

3

Defendant tries to distinguish Baker by pointing out that the defendant in that case was a "prevailing party" under 17 U.S.C. § 505.  That section says that under a copyright action, "the court in its discretion may allow the recovery of full costs by or against any party . . . Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  In this case, Plaintiff expects to be the prevailing party and therefore argues that Defendant cannot be awarded reasonable attorneys' fees under section 505.  (Pl. Br. at 5.)  Plaintiff's attempt to distinguish is not successful.  Neither Plaintiff nor Defendant is a "prevailing party" at this time.  Therefore, the question of fee awards is not properly before this Court.

Additionally, Plaintiff relies on new factual assertions relating to legal cost and the reasonableness of Defendant's offer.  As a threshold matter, these new factual assertions regarding the expected costs of litigation could have been raised earlier.  (Pl. Br. at 5.)  They therefore do not meet the high standard required on a motion for reconsideration and should not be considered.  Shrader, 70 F.3d at 257.  Were they to be considered, this Court is convinced, as was Magistrate Judge Pitman, that Plaintiff's argument for a lower bond amount in a similar case is "based on faulty assumptions."  Leibowitz

v. Galore Media, Inc., No. 18 Civ. 2626 (RA)(HBP), 2018 WL 4519208, at *11 (S.D.N.Y. Sept. 20, 2018). As the court put it in Galore, "Plaintiff may not now use a motion for reconsideration to negotiate a lower bond amount." Id.

Second, Plaintiff's factual assertions with respect to the reasonableness of the Rule 68 offer are without merit. As this Court previously said, "it appears unlikely that Plaintiff will recover more than the amount of the Rule 68 offer and, accordingly, will be responsible for certain costs from the date of the rejection of the offer forward." (Order at 2.) This Court does not find Plaintiff's additional submissions to be persuasive analogizing. It is simply not the case that a photograph captioned "Azealia Banks Arrested for Allegedly Biting Female Security Guard—Photo Exclusive" can be reasonably compared to a photograph of the facade of a Home Depot, even if the photograph does include a parked white sedan and a man pushing a cart.

Finally, Plaintiff's counsel, failing his ethical obligations, did not cite to a relevant order in Galore, which required Plaintiff to post a $10,000 bond. Leibowitz v. Galore Media, Inc., No. 18 Civ. 2626 (RA)(HBP), 2018 WL 4519208 (S.D.N.Y. Sept. 20, 2018).

IV. Conclusion

Accordingly, Plaintiff's motion for reconsideration or reargument, [dkt. no. 18], is denied. This Order constitutes a resolution to the motion for reconsideration. Therefore, as this Court directed previously [dkt. no. 25], Plaintiff shall post a bond no later than ten days from today in an amount not less than $10,000 in order to proceed with the action.

SO ORDERED.

Dated:   New York, New York

December 3, 2018

_____
LORETTA A. PRESKA
Senior United States District Judge