February 13, 2019

**VIA ECF**

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street, Rm 12A
New York, NY 10007



Re:   *Sadowski v. JSN Global Media, LLC*, 1:18-cv-01392 (LAP)

Dear Judge Preska:

Pursuant to Your Honor's Order, dated January 30, 2019, the parties submit the following respective statements concerning status of settlement.

**Plaintiff's Statement**

Plaintiff, who is working-class photojournalist, considers the theft of intellectual property to be a serious violation of federal law which warrants a stiff civil penalty. This is particularly true where the defendant, JSN Global Media, LLC, operates in the publishing industry and earns its profits from the exploitation of copyrighted materials. Plaintiff has made an exceedingly reasonable offer to settle this case but Defendant has failed to resolve the matter amicably at a fair price which accounts for Plaintiff's lost licensing fees and counsel's efforts to bring this infringer to justice.

Accordingly, Plaintiff seeks to prosecute this matter until judgment of liability for copyright infringement. Once judgment has been obtained, Plaintiff will be amenable to mediation. We do not believe that any attempt to mediate at this juncture will be successful. We also do not believe, Defendant's threats aside, that a non-prevailing defendant will be able to shift fees pursuant to a substantive statute, 17 U.S.C. §505, which expressly provides that only prevailing parties may shift fees.

**Defendant's Statement**

At the conference on January 30, 2019, Defendant reported that the parties had some settlement discussions and were not very far apart in amount, and Defendant had made the last offer. Defendant accordingly requested that given the small amount at issue, the parties be sent to mediation. The Court indicated that for a period of two weeks, the parties should not spend resources on mediation, nor any other resources on the action. Instead, the Court asked the parties take two weeks to see if they could – with the Court's strong recommendation – meet in the middle. Following the conference, Mr. Freeman advised Defendant's counsel that he would recommend that the case be resolved.

Defendant first heard from Plaintiff's counsel on February 5, 2019, via email from Mr. Freeman, which attached Plaintiff's First Request for Production of Documents and First Set of Interrogatories and asked whether Defendant would consent to service of discovery-related materials via email. When the undersigned defense counsel suggested that perhaps the parties comply with the Court's strong recommendation, Mr. Freeman replied: "The Court entered a scheduling order on 1/31/19 [Dkt. #35]. The Order doesn't stay discovery but it calls for a status report by 2/13. You can call Richard [Liebowitz] about settlement; he is lead counsel." Defendant's counsel followed up immediately, and this past Monday, as well as today, to inquire. This afternoon, Plaintiff served initial disclosures and a partial document production. At 6:20 p.m., Mr. Liebowitz responded with a counteroffer that was $100 off his last offer and stated that the number was close to his client's bottom line.

Respectfully Submitted:

**s/richardliebowitz/**
Richard Liebowitz

*Counsel for Plaintiff*

**s/ Eleanor M. Lackman/**
Eleanor M. Lackman

*Counsel for Defendant*

> Counsel shall appear, with clients, for a conference on February 28, 2019 at 11:30 am for two hours.
>
> SO ORDERED
> /s/ Loretta A. Preska   2-20-19
> LORETTA A. PRESKA
> UNITED STATES DISTRICT JUDGE