

Cowan, DeBaets, Abrahams & Sheppard LLP

41 Madison Avenue
New York, NY 10010
T: 212 974 7474
F: 212 974 8474
www.cdas.com

Eleanor M. Lackman
212 974 7474 ext 1958
ELackman@cdas.com

Frederick P. Bimbler
Susan H. Bodine
Andrea F. Cannistraci
Timothy J. DeBaets
Robert J. Epstein
Briana Hill■
Douglas P. Jacobs*
Benjamin Jaffe
Eleanor M. Lackman†
Ellis B. Levine
Simon N. Pulman*○
Joshua B. Sessler
J. Stephen Sheppard♦
Scott J. Sholder*
Kenneth N. Swezey†
Nancy E. Wolff●*†

Pooneh Aminian■
Adam Beasley
Alison E. Bensimon
Lindsay R. Edelstein*
Sara Gates
Joshua M. Greenberg
Mikaela I. Gross
Daniel J. Haley*
Novika Ishar
Phillip E. Jackman
Hanjoong Kim
Christine-Marie Lauture
Marissa B. Lewis*

Of Counsel:
Robert I. Freedman

Special Counsel:
Alex Gigante

Philip M. Cowan
   (1943-2001)
Howard Abrahams
   (1945-1996)

■  Admitted in CA
†  Also Admitted in CA
♦  Also Admitted in DC
○  Also Admitted in GA
*  Also Admitted in NJ
●  Also Admitted in PA

Beverly Hills Office:
9595 Wilshire Blvd, Suite 900
Beverly Hills, CA 90212
T: 310 492 4392 / F: 310 492 4394

April 9, 2019

**Via ECF**

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2220
New York, NY 10007

Re:   *Sadowski v. JSN Global Media, Inc.*, No. 18-cv-01392 (LAP)

Dear Judge Preska:

On behalf of defendant JSN Global Media, Inc. ("JSN"), and with the consent of Christopher Sadowski ("Plaintiff"), we respectfully submit this letter, pursuant to the Court's Individual Rule 2.A., requesting a 60-day adjournment of all discovery deadlines set forth in the parties' Joint Rule 26(F) Report ("Scheduling Order"; Dkt. 35) to minimize potential needless burden and expense associated with participating in discovery in light of the parties' April 18, 2019 Court-ordered mediation. Indeed, at the conference on January 30, 2019, the Court indicated that the parties should not spend resources on the action and instead focus their efforts on settlement.

Plaintiff emailed to JSN Plaintiff's First Request for Production of Documents and First Set of Interrogatories during this time, citing the Scheduling Order. So as not to waive its right to serve discovery, JSN served discovery demands on Plaintiff. Neither party has responded to the aforementioned discovery demands. Accordingly, the parties respectfully request that the Court grant their request to adjourn the discovery deadlines so that the parties may proceed toward the mediation with a focus on settlement, as well as improved clarity with respect to the impending deadlines.

An adjournment is warranted because potentially expensive discovery may be rendered moot by a favorable resolution during mediation proceedings. To this end, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c). In issuing such an order this Court "enjoys wide discretion." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003); *see also Davidson v. Goord*, 215 F.R.D. 73, 82 (W.D.N.Y. 2003) ("A request for a stay of discovery, pursuant to Rule 26(c), is committed to the sound discretion of the court based on a showing of good cause."). Good cause to issue a temporary stay exists in the present matter, given the amount at issue, the parties' respective settlement postures, and the potential for resolution in the forthcoming mediation proceedings.

This is the first request to adjourn any discovery deadlines. Attached hereto as **Exhibit A** is a proposed Revised Scheduling Order, which Plaintiff has reviewed and approved.

Cowan, DeBaets, Abrahams & Sheppard LLP

PAGE 2

We thank the Court for its consideration of this request.

Respectfully submitted,

Eleanor M. Lackman

cc: All counsel of record